## FIRST NATIONAL BANK OF OKARCHE AND JULIUS LOOSEN v. DANIEL TEAT.

CHATTEL MORTGAGE—*Insecure.* An instruction by the court below, that if the defendant had a valid and subsisting mortgage on the property in dispute at the time he took possession of it, and had reasonable grounds to believe, and did believe in good faith, that his security was impaired by the loss of any of the property, or on account of a depreciation in its value, and for such reasons deemed himself unsafe, then that he might rightfully take possession of the mortgaged property, although the debt was not due provided he could do so without any breach of the peace, or could obtain peaceable possession of the same, but that he would have no right to resort to force or stealth or fraud to obtain such possession against the consent of the mortgagor, but would be

required to resort to his action at law to secure the same, is not erroneous. Such an instruction denies the arbitrary right of the mortgagee to take possession of the mortgaged property without a reasonable ground therefor, and further relegates him to his legal remedy as against force, violence or fraud.

*Error from the District Court of Canadian County.*

Action brought against the First National bank of Okarche and Julius Loosen to recover possession of certain personal property and for damages for its detention. Judgment for the plaintiff. Defendants below bring error. Judgment of the lower court affirmed.

*J. H. Warren* and *W. H. Grisby*, for plaintiffs in error.

*W. H. Criley*, for defendant in error.

The opinion of the court was delivered by

SCOTT, J.: Plaintiff in error held a chattel mortgage on certain personal property of defendant in error to secure a certain sum of money, the property being left in the possession of mortgagor. Among other things the mortgage contained a clause, that if the mortgagee at any time deemed himself insecure, he should have the right to take possession of the property covered by the mortgage and dispose of it as specified therein.

Plaintiff in error, claiming that he deemed himself insecure, took possession of the property, without the consent of the defendant in error, and in such a manner, as, to say the least, to constitute a civil trespass.

The court below charged the jury, that, "if the defendant" (plaintiff in error) " had a valid and subsisting mortgage on the property in dispute at the time he took possession of it, and he had reasonable grounds to believe and did, in good faith, believe that his security was impaired by the loss of any of the property, or on account of a depreciation in its value, and from such reasons he

deemed himself unsafe, then he might rightfully take possession of the mortgaged property, although the debt was not due, provided he could do so without any breach of the peace, or could obtain peaceable possession of the same, but he would have no right to resort to force or stealth or fraud to obtain such possession against the consent of the mortgagor, but would be required to resort to his action at law to secure same.

Verdict and judgment below for defendant in error.

The foregoing charge of the court involves two propositions, the correctness of which is presented for our consideration, (1), the construction of those words in the mortgage, "if the mortgagee shall at any time deem himself insecure without assigning any reason therefor * * it should be lawful for him to take said property wherever the same may be found," etc.; (2), what action the mortgagee might lawfully take in securing possession of said property, should he become entitled to same by the terms of the mortgage.

We think the court correctly stated the law of the case in the instruction on both propositions. The instruction denies the arbitrary right of a mortgagee to take possession of mortgaged property without a reasonable ground therefor, which is a protection of the law due to this class of debtors, and further relegates the mortgagee to his legal remedy as against force, violence or fraud.

The judgment of the court below is affirmed. By the court it is so ordered.

Burford, J., having presided in the court below, not sitting; all the other Justices concurring.