## WERTZ v. BARNARD.

No. 1667. Opinion Filed March 19, 1912.

(122 Pac. 649.)

1. CHATTEL MORTGAGES — Construction — Right to Possession. The power of a mortgagee, under a clause in a chattel mortgage providing that the mortgagee may take possession of the mortgaged property, before the mortgage debt is due, when he deems himself insecure, cannot be arbitrarily used by the mortgagee, but must be based upon probable cause or reasonable grounds for apprehension.

2. SAME—Instructions—Possession of Mortgaged Chattels. Instructions examined, and held to substantially state the law applicable to the case, where the question was as to the right of a mortgagee to take possession of the property when he deems himself insecure.

3. APPEAL AND ERROR—Review—Harmless Error—Instructions. Instructions on defendant's damages in the event he prevails are immaterial, where he does not prevail.

4. CHATTEL MORTGAGES—Rights of Parties—Recovery of Possession—Actions—Instructions. In an action by a mortgagee for possession of the cattle mortgaged, instructions that if defendant had sold any of the cattle, or had told plaintiff he had sold a portion of them, a demand before suit was not necessary, and, if they found the converse, a demand was necessary, were sufficiently favorable to defendant.

5. SAME—Verdict—Special Findings—Inconsistency. In replevin by a mortgagee, where the jury's answers to special interroga-

tories exonerated plaintiff from responsibility for the manner in which the sheriff, in executing the writ, handled the mortgaged cattle, the inconsistency in answers as to the care exercised by the sheriff does not affect plaintiff nor a general verdict in his favor.

(Syllabus by Brewer, C.)

*Error from Wagoner County Court;*
*W. T. Drake, Judge.*

Action by John M. Barnard against Benjamin F. Wertz. Judgment for plaintiff, and defendant brings error. Affirmed.

*Watts & Watts,* for plaintiff in error.

*W. O. Rittenhouse,* for defendant in error.

Opinion by BREWER, C. This is a suit in replevin. It was commenced on the 12th day of September, 1908, by John M. Barnard, defendant in error, plaintiff below, against Benjamin F. Wertz, plaintiff in error, defendant below, by petition and affidavit in replevin. Hereafter we will refer to the parties as they were known in the trial court. After issues joined, the cause was on October 7, 1909, tried to a jury, who made a special finding of facts, and they returned the same with a general verdict in favor of the plaintiff below. After motion for a new trial filed, overruled, and exception saved, this cause is brought here to review certain alleged errors of the trial court.

The plaintiff in error assigns and urges here as error of the court the giving to the jury of instructions numbered 4, 6, 6½, 7, 9, and 10; the refusal to give instruction No. D, asked by the plaintiff in error; the giving of repeated favorable instructions against plaintiff in error; and because of inconsistent and contradictory answers to special interrogatories 5 and 6.

1. In this cause the record shows that the plaintiff was the owner of and held a chattel mortgage on the property taken under the writ; that the debt secured by the mortgage was not due at the time the property was taken. The bringing of the action before the debt was due under the mortgage was based upon what is generally known as the "insecurity" or "danger" clause contained in the mortgage, as follows:

"That if the mortgagee at any time deems himself insecure he may without notice or demand take possession of the property and foreclose the mortgage."

It appears from the record that after filing the suit, but prior to the trial thereof, the defendant below had paid the amount of the mortgage debt; therefore, the contest between the parties reduced itself to the question as to whether or not, under the terms of the mortgage and the evidence adduced, the plaintiff below had the right to take possession of the property under the writ at the time it was done, and, if not, then what amount of damages, if any, were sustained by the defendant below because of the wrongful taking.

Instruction No. 4 complained of is as follows:

"The jury are instructed that if you believe from the evidence that the defendant, Wertz, told the plaintiff, Barnard, that he had sold any portion of the cattle included in plaintiff's mortgage, and that the plaintiff in this case felt himself insecure, and that he brought this action in good faith and upon probable cause, and that in all things he acted in good faith, your verdict should be for the plaintiff for the possession of the property in controversy."

It is urged against this instruction that in its reference to the evidence it invades the province of the jury. To determine whether this instruction is erroneous, it is necessary to, first, determine the rights of a mortgagee under the particular clause in the mortgage above referred to, and upon which the right of action in this case is based. This clause, or one of similar import, is frequently found in this class of mortgages, and its interpretation has often been before the courts, and the decisions upon it are in conflict. Kansas, Ohio, and some other states have held that under such a clause the mortgagee may take possession of the property, if he deems himself insecure, and that it is immaterial whether he bases his belief upon good cause or not; the material fact being that he does so believe. *Thorp v. Flemming,* 78 Kan. 237, 96 Pac. 470, 19 L. R. A. (N. S.) 915, 130 Am. St. Rep. 366; *Francisco v. Ryan,* 54 Ohio St. 307, 43 N. E. 1045, 56 Am. St. Rep. 711. But the weight

of authority requires that such right must be exercised in good faith, based upon such reasonable apprehension of danger that would cause a reasonable man to act. The Supreme Court of the territory of Oklahoma has followed the latter rule in *First National Bank v. Teat*, 4 Okla. 454, 46 Pac. 474, and in *Brook v. Bayless*, 6 Okla. 568, 52 Pac. 738. In the last case cited the court in discussing the Teat case, *supra,* and in approving the doctrine therein announced, say:

"We think that decision is not only in harmony with the later and more advanced and better view of the authorities, but more just in its application than a contrary view. It is based upon the underlying principle that controls in the construction of contracts, that the intent of the parties is the gist of the contract. The intent of the parties to a contract of this character is that the property shall remain in the possession of the mortgagor until the debt is paid or default is made in such payment, unless the condition of the property should be so changed as to render the security unsafe, or, at least, until its condition was so changed as to make it reasonably apparent that the debt was less secure than when the mortgage was executed. If a mortgagee may, within a month, under such power, take possession of the property without any apparent grounds for considering his security unsafe, he may do so within a day or an hour after the mortgage is made, and thus defeat the expressed intention of the parties declared in the clause that 'the property shall remain in the possession of the mortgagor' until some default or condition is broken. We must, therefore, adhere to the former decision of this court."

This instruction, then, No. 4, measured in the light of the above decisions, does not fall far short, if any, of being correct, unless it is vitiated by the clause, "if you believe from the evidence that the defendant Wertz told the plaintiff Barnard that he had sold any portion of the cattle named in plaintiff's mortgage," etc. We do not think this clause has such effect. Strike it from the instruction, and the remainder would fairly state the conditions under which the clause in the mortgage would become operative. This clause is connected by "and" to other conditions they must find to exist before the clause in the mortgage could be resorted to. And under our views the other con-

ditions coupled to the objectionable clause were the only ones necessary to be shown by the plaintiff to exist—*i. e.,* that he felt himself insecure, that he acted in good faith, and upon probable cause. If these parts of the instruction measured the plaintiff's duty before he could proceed, then the objectionable clause required the jury to find an additional fact unnecessary to have been found, to justify the suing out of the writ, thereby imposing upon the plaintiff an additional and unwarranted burden. But the jury found for plaintiff. He does not complain, and the defendant cannot, as the error was not against his interests.

2. The objection to instructions Nos. 6 and 6½ need not be seriously considered. They go to the question of defendant's damages in the event he prevails in the suit and a return of the property is adjudged. But he did not prevail. The jury found all the material questions involved against him, and he was therefore awarded no damages, was entitled to none, and the question of the measure of damages in this case is unimportant.

3. We have examined instruction No. 7, and under the pleadings and the evidence we do not think it was calculated to mislead the jury or injure the defendant. It was unnecessary in the case, but harmless.

4. Instructions Nos. 9 and 10 were given on the question of demand. The first, in effect, told the jury that if they found that defendant had sold any of the cattle, or had told plaintiff he had sold a portion of them, then a demand before bringing the suit was not necessary. The second told the jury that if they found the converse of the matter stated in the first to be true—*i. e.,* that defendant had not sold any of the cattle or had not told plaintiff he had done so—then demand was necessary, and, in the absence of such demand, plaintiff could not recover.

Instruction No. D, asked by defendant and refused by the court, was simply one stating that a demand at all events was necessary, and, if plaintiff had failed to show such demand, he could not recover. The question of the necessity of a demand, and the rights of the parties in respect thereof, has been fully

considered in this court in *Citizens' State Bank of Lawton v. Chattanooga State Bank of Chattanooga et al.*, 23 Okla. 767, 101 Pac. 1118. The syllabus in that case is as follows:

"In order to maintain an action of replevin, even where the original taking was not tortious or wrongful, a demand for possession of the property is not a condition precedent. In an action for the possession of property, where the defendant, without demand, was rightfully in possession, and there being no evidence of demand, he is entitled to costs. If no demand is made, and the original possession of defendant be lawful, and he tenders the property to the plaintiff, and upon its delivery by proper answer or plea discharges the action, costs should be taxed against the plaintiff. If the defendant does not pursue this course, and contests the action, the writ will be sufficient demand, and defending the suit a refusal"

—citing *Chipman v. Mcdonald*, 9 Kan. App. 882, 57 Pac. 252; *Dearing v. Ford*, 13 Smedes & M. (Miss.) 274; 24 Amer. & Eng. Ency. L. (2d Ed.) 510; footnotes 4 and 6, Shinn on Replevin, sec. 316; Cobbey on Replevin, sec. 450. Under the above decision of this court and the authorities cited, we think the instructions given were sufficiently favorable to the defendant.

5. That the court erred in giving repeated favorable instructions in favor of the plaintiff, to defendant's prejudice, we do not think is sustained upon an examination of the record. A study of all the instructions does not impress us that any desire on the part of the court to favor plaintiff is shown. While we would not set the instructions out and approve them as a model as to form or statement, yet, upon the whole, we think they fairly presented to the jury a correct view of the issues and the law applicable.

6. The objection that the answers to interrogatories 5 and 6 by the jury are contradictory and inconsistent, and that, therefore, a judgment could not be rendered on the general verdict. cannot be sustained. There were six special questions asked the jury. The first four embraced in brief findings: That plaintiff's mortgage was valid and covered the cattle in suit; that at time of bringing suit plaintiff had reasonable grounds to believe that part of property had been sold by defendant; that the property

had depreciated in value, and that part of it had been removed from the county; that plaintiff did in good faith believe that part of the property had been sold or removed from the county, and that the value of his security had been lessened and depreciated.   Questions 5 and 6 were directed, first, to the question of whether in executing the writ the sheriff had used ordinary care and prudencê in obtaining possession of the cattle. This was answered in the affirmative.   Second, as to whether the cattle were injured by unnecessary force or violence on the part of the sheriff.   This was also answered in the affirmative. If these questions had any legitimate place in the case, it was for the purpose of exonerating the plaintiff from responsibility for the manner in which the sheriff in executing the writ handled the cattle.   If this is true, the answers did so, and, although the answers are inconsistent as regards the conduct of the sheriff, they have no effect on the plaintiff or the general verdict the jury returned in his favor.

Finding no reversible error, the cause should be affirmed.

By the Court:   It is so ordered.