---

Toepfer, Respondent, vs. Sterr and others, Appellants.

*February 5—February 24, 1914.*

*Appeal: Harmless errors: Evidence: Refreshing memory: Entire contracts: Substantial performance: Special verdict: Matters omitted: Presumption on appeal: Election between remedies.*

1. Errors which might have tended to reduce a party's recovery if the jury had found in his favor must be deemed harmless where, under the verdict as found, he was not entitled to any damages.
2. A witness should not be allowed to refresh his memory by using a writing made by another person, unless he knows it to be correct.

3. In an action upon a contract for labor and material of the value of more than $9,000, it is *held* that the evidence (upon which the jury found that the reasonable cost of remedying the defects in the work would be $100) would fully warrant a finding of substantial performance.
4. Where, in such case, no question as to substantial performance was submitted to the jury and no such submission was requested, a finding of the court that there was such performance will be presumed in support of the judgment.
5. Where, in an action upon a contract for labor and materials, defendants counterclaimed for damages by reason of breaches by plaintiff, and the case was tried on that issue, this constituted an election between remedies, precluding defendants from afterwards insisting that the plaintiff was entitled to nothing because the contract was entire and had not been substantially performed.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

The plaintiff contracted to furnish and put in place for the defendants certain machinery and equipment for a malting plant, the alleged reasonable value of which material and labor was $9,283.76. It was averred in the complaint that plaintiff had performed and that there was paid on account all of this sum except $597.89, for which judgment was asked. Among other articles furnished were four "steep tanks" and a "set of cold-air blinds for the kiln furnace." The defendants alleged by way of answer that the plaintiff guaranteed to furnish certain "steep tanks" of 800 bushels capacity, whereas the ones furnished had a capacity of only 750 bushels. It was further set forth in the answer that plaintiff agreed to furnish a complete new set of cold-air blinds for the kiln furnace, whereas the set furnished was of old material. The damages for these alleged breaches were placed at $2,000. The same facts were set up by way of counterclaim.

The jury found (1) that the steep tanks furnished had a capacity for steeping 800 bushels; (2) that the cold-air blinds furnished were not such as the contract called for; and

(3) that the reasonable cost of remedying the defects therein was $100. From a judgment entered in accordance with the verdict defendants appeal.

For the appellants the cause was submitted on the brief of *Naber & Wheeler* and *J. E. Malone*.

*Louis G. Bohmrich,* for the respondent.

BARNES, J.  The errors assigned are (1) erroneous rulings on evidence; (2) failure to instruct the jury as requested; (3) giving erroneous instructions; (4) refusal to change the answer of the first question from "Yes" to "No;" (5) failure to grant a new trial; (6) compelling defendants to elect as to which of two measures of damages claimed on account of the steeping tanks they would rely on.

The evidence warranted the jury in finding that the steep tanks furnished had 800 bushels capacity. This conclusion eliminates most of the errors assigned, because they relate to rulings on evidence bearing on the amount of damages claimed to have been sustained by defendants because the tanks were not of the agreed capacity, and to instructions given and refused upon the same subject. Under the verdict the defendants were not entitled to any damages, and they could not have been harmed because of errors which might have tended to reduce their recovery had the jury answered the first question in the verdict differently.

Bearing on the capacity of the steep tanks, *Albert Sterr* was asked: "Looking at book Exhibit 6, can you look and refresh your memory how many bushels you malted a day?" Objection was sustained to this question, and properly so, because the book was not kept by the witness and there was nothing to show that he had any knowledge that it was correctly kept. The question did not ask for a computation. It was simply sought to get the witness to testify to a fact in reference to which he had only such knowledge as he might derive from the examination of a book which he did not keep.

Certain evidence given by the witness Nagel was stricken
out, as we understand the record, because he also based his
evidence on the contents of an account book which he did not
keep.    These rulings were correct.    A witness should not be
allowed to use a writing to refresh his memory which was
made by another person unless he knows it to be correct.
Jones, Ev. (2d ed.) § 877 (880) and cases cited in note 55.

It is argued that the contract was entire, and, the jury hav-
ing found that the cold-air blinds furnished did not conform
to the contract, no recovery could be had.    The jury found
that the reasonable cost of remedying the defect would be
$100.    Assuming the contract to be entire, the evidence
would fully warrant a finding of substantial performance
under the decisions of this court in *Foeller v. Heintz,* 137
Wis. 169, 118 N. W. 543; *Manning v. School Dist.* 124 Wis.
84, 102 N. W. 356; *Manthey v. Stock;* 133 Wis. 107, 113
N. W. 443; and *Mueller v. Burton,* 139 Wis. 384, 121 N. W.
152, 176.    No question was submitted to the jury on the
question of substantial performance and none was asked for;
so we must presume a finding of the court that there was such
performance, in support of the judgment, if such a finding is
necessary or material.    Sec. 2858*m,* Stats. 1913.    Further-
more, the defendants counterclaimed for the damages which
they sustained by reason of plaintiff's default and the case
was tried on this issue.    The defendants made their election
of remedies and should be held to their election.

*By the Court.*—Judgment affirmed.