# PEOPLE'S ICE & FUEL CO. v. SERAT.

## No. 4451. Opinion. Filed May 18, 1915.

### (149 Pac. 870.)

1. **SALES—Action by Seller—Verdict.** A general verdict for plaintiff for the entire amount sued for in an action for the purchase price of chattel, where damages are claimed by defendant for breach of an implied warranty to deliver property of the quality contemplated by the contract, determined, primarily, that there was no such breach of warranty.

2. **APPEAL AND ERROR—Harmless Error—Evidence—Instructions —Cure By Verdict.** In such case, if there was error in admitting or excluding evidence, or in failing to give requested instructions, or in giving others improperly stating the law as to the measure of damages, such error is not prejudicial.

3. **GOODS SOLD—Action for Price—Instructions.** Instructions examined, and held to fairly state the law of the case.

(Syllabus by Bleakmore, C.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by Seth S. Serat, doing business under the name and style of Star Coal Company, against the People's Ice & Fuel Company. Judgment for the plaintiff, and defendant brings error. Affirmed.

*Everest & Campbell,* for plaintiff in error.

*Harris, Nowlin & Singleton,* for defendant in error.

BLEAKMORE, C. This is an action commenced in the district court of Oklahoma county by the defendant in error as plaintiff, against the plaintiff in error as defendant, for the

purchase price of certain coal. The parties are hereafter referred to as they appeared in the court below.

The petitioner sets forth the contract of sale as follows:

"Kansas City, Mo., 10—18—1910.

"Star Coal Company ship to People's Ice & Fuel Company at Oklahoma City, Okla.—A. T. S. F. R. R.—100 car Richmond Blk $2.75 mine. Ship 3 to 5 cars at once, and rest at rate of 1 to 2 cars per day until order is completed.

"Mr. Graves wants the hard coal same as we shipped him last year, and wants us to hold further shipments until he has chance to inspect first shipments. E. R. Dusky.

"John Graves, General Manager, People's Ice & Fuel Company, Oklahoma City, Okla."

And further alleges:

"Plaintiff further says he has complied with said contract in all respects, and said preliminary shipments were approved by the said defendant, and that the shipments of coal under said contract were continued until plaintiff had delivered to defendant sixty-six (66) cars of the 100 cars provided for in said contract; that there is a balance due the plaintiff from defendant, after crediting all payments upon said sixty-six (66) car loads of coal and pursuant to the terms of said contract in the sum of $1,371.61, and there is now due the plaintiff from defendant said sum with interest thereon at the rate of 6 per cent. per annum from the 2d day of January, 1911."

Defendant answered by way of general denial, and that:

"Said defendant admits that it entered into a contract with plaintiff substantially as pleaded in said amended petition on the 18th day of October, 1910, by the terms of which defendant agreed to buy from the plaintiff 100 cars of Richmond block coal, at $2.75 per ton at the mine. Defendant admits that 66 cars of coal were delivered to it by the plaintiff under said contract, and that there is a balance due from said defendant to plaintiff, on account of said 66 cars of coal, $1,371.61, as alleged by th plaintiff, except for the reasons and upon the account hereinafter stated."

It is then set forth that defendant was engaged in the business of a retail coal dealer and contracted for the coal in question for the purpose of reselling the same at Oklahoma City; that the kind contracted for was that produced by the plaintiff at its mine in Missouri, free from slack; that plaintiff failed and refused to comply with said contract, in that, after certain preliminary shipments of coal in compliance with the terms thereof, it shipped to defendant coal from other mines, not of the quality contemplated by the contract and which contained slack to an amount of 322 tons; that the reasonable market value of the coal agreed to be delivered under the terms of said contract was $6 per ton at Oklahoma City, but that the 322 tons of slack delivered in violation of said contract was only of the reasonable market value of 50 cents per ton there; that defendant suffered loss and damage in the sum of $1,773.95, and that by reason thereof plaintiff is indebted to it in the sum of $402.30; that it notified plaintiff from time to time that he was not shipping the character of coal called for by the contract, and plaintiff promised to comply with the terms thereof by shipping the coal contemplated, but failed and refused so to do. There is prayer for judgment against the plaintiff for the sum of $402.30.

Plaintiff replied. The case was tried to a jury, and there was verdict and judgment for plaintiff for the entire sum prayed for in the petition.

Defendant assigns the following as error:

"(1) The trial court erred in entering judgment on the verdict of the jury for the reason that said verdict is not sustained by sufficient evidence and is contrary to law. (2) The trial court erred in the admission of incompetent, irrelevant, and immaterial testimony on behalf of defendant in error, over the objection of plaintiff in error, as appears from the record in said cause. (3) The trial court erred in the exclusion of competent, relevant, and material testimony offered by plaintiff in error, exceptions being saved at the time. (4) The trial court erred in

refusing the special instructions offered by the plaintiff in error, numbered 1, 2, 3, and 5, shown in the record at pages 348 and 351, and fully set out in the abstract thereof. (5) The trial court erred in giving instructions Nos. 6, 8, 9, and 10, the same being fully quoted in the abstract of the record. (6) The trial court erred in overruling the motion of plaintiff in error for a new trial."

There is no specific objection urged in the briefs to the admission of any evidence on behalf of plaintiff.

The assignment with reference to the exclusion of evidence offered on behalf of defendant is largely directed at the action of the court in refusing to permit the introduction of certain testimony looking, not to the breach of plaintiff's implied warranty, but to the measure of damages alleged to have been sustained by reason thereof.

From an examination of the record, it does not appear that there was prejudicial error in the reception or rejection of evidence on the question of breach of warranty. The contract was for a particular kind of coal. There were sample shipments, following which other shipments were made, the whole amounting to 66 cars. It was shown by the testimony of defendant that there was a considerable quantity of slack in the coal. Defendant contended that the coal was purchased for resale upon the Oklahoma City market, and that the contract was made with particular reference to such market; but the contract as proved, while not in writing, was for the sale of coal delivered to carrier (A., T. S. F. R. R.) at Kansas City, Mo., and there was nothing in the evidence to indicate the intention of the parties to vary the general rule that delivery to the carrier is delivery to the purchaser. Whether there was a breach of the plaintiff's implied warranty to deliver coal of the kind and quality contemplated by the terms of the contract, and consequent damages, were matters of fact to be determined by the jury; the principal question being: Was the coal of such quality at the place of delivery?

Defendants in their brief complain that:

"The trial court refused to permit any proof as to the expense of screening off the slack or the price at which plaintiff in error was able to sell the slack on the Oklahoma City market, or any proofs as to the value of the coal mixed with the slack itself upon said market. On the other hand, the court held that these matters were governed by the Kansas City market. * * *"

And again:

"We think the court took a fundamentally wrong view of this case in two respects: (1) In holding that in estimating the amount of damages to which the plaintiff in error was entitled upon its cross-petition, if any, the jury must be guided by the price of coal on the Kansas City market; and (2) in holding that certain issues of a trade journal offered in evidence were incompetent evidence as to the price of coal and slack on the Kansas City market."

It is insisted that there was error in the charge of the court. To set forth at length the instructions given would serve no useful purpose. We have examined them carefully, after having read the entire record, and in our opinion they fairly state the law applicable to this case.

It is further contended that there was error in the refusal of the court to instruct the jury as requested by defendant; but the instructions asked go either (1) to the question of the breach of the implied warranty, which was sufficiently covered by the instructions given, or (2) are addressed to the measure of damages suffered by such alleged breach.

If there was error in admitting or excluding evidence, or in failing to give the requested instructions, or in giving others improperly stating the law as to the measure of damages, the substantial rights of defendant could have been in no way prejudiced thereby.

The verdict was a general one for plaintiff, and necessarily determined primarily, that there was no breach of warranty. There being no such breach, the question of the measure of the damages alleged to have been occasioned thereby was never reached by the jury and could not have been properly considered by it. *Puls v. Hornbeck,* 24 Okla. 288, 103 Pac. 665, 29 L. R. A. (N. S.) 202, 138 Am. St. Rep. 883; *Martin v. C., R. I. & P. Ry.,* 7 Okla. 452, 54 Pac. 696; *Wertz v. Barnard,* 32 Okla. 426, 122 Pac. 649; *Toepfer v. Sterr,* 156 Wis. 226, 145 N. W. 970; *Malcolm v. Sims-Thompson M. C. Co.* (Tex. Civ. App.) 164 S. W. 924; *Gullion v. Traver,* 64 Neb. 51, 89 N. W. 404; *Wilkes v. Wolback,* 30 Kan. 375, 2 Pac. 508; *Zimmerman v. Denver, etc., Co.,* 18 Colo. App. 480, 72 Pac. 607; *Wilhelm v. Donegan,* 143 Cal. 50, 76 Pac. 713; *Conant v. Jones,* 120 Ga. 568, 48 S. E. 234; *Gallimore v. Brewer* (Ky.) 57 S. W. 253.

On the whole case, we are convinced that the judgment of the trial court is right, and should therefore be affirmed.

By the Court: It is so ordered.