## FARMERS' PRODUCT & SUPPLY CO. v. BOND.

No. 7835—Opinion Filed Nov. 14, 1916.

(161 Pac. 181.)

1. **Appeal and Error—Harmless Error—Instruction.**

Instructions and refusal of instructions on plaintiff's damages in the event he prevails are immaterial, where he does not prevail.

2. **Witnesses — Impeachment — Cross-Examination.**

Where an attachment affidavit states grounds of attachment, which the pleadings show to be false, and which are conceded by the parties to be untrue, and the maker of the affidavit is upon the witness stand for the plaintiff, it is not error to permit a cross-examination of the witness as to the falsity of the statements in such affidavit. Record examined, and held, there is no error shown in reference to the permitting of such cross-examination.

3. **Appeal and Error—Record—Questions Presented for Review.**

Where a party complains on account of the admission or rejection of testimony, and does not set out in his brief the full substance of the testimony to the admission or rejection of which he objects, and does not state any specific objections thereto, but merely states that the lower court erred as will be seen at certain pages of the case-made, this court will not investigate such complaint to find error.

4. **Same.**

In order for this court to consider the effect of the refusal of an offer of testimony, the party offering such testimony is required to incorporate into the record a showing as to what such testimony would be, if admitted. Otherwise, this court cannot pass upon the admissibility of such evidence, and must assume that there was no error in its refusal by the lower court.

5. **Appeal and Error—Review—Harmless Error—Exclusion of Evidence.**

Error in the exclusion of the testimony of a witness is harmless, where such witness has already testified to the facts upon which his testimony is again offered, or where he is afterwards permitted to testify fully with reference to such facts.

6. **Admission and Exclusion of Testimony—Nonprejudicial Error.**

Record examined, and held, that in this case there is no prejudicial error in the admission and exclusion of testimony objected to, and that the verdict is supported by the evidence.

(Syllabus by Johnson, C.)

Error from District Court, Blaine County; James B. Cullison, Judge.

Action by the Farmers' Product & Supply Company against Albert Bond. Judgment for defendant, and plaintiff brings error. Affirmed.

Wm. O. Woolman, for plaintiff in error.

Foose & Brown, for defendant in error.

Opinion by JOHNSON, C. This was a suit by the Farmers' Product & Supply Company, a corporation, plaintiff in error, against Albert Bond, defendant in error, to recover the sum of $974.32, damages for breach of a partly executed oral contract to sell wheat. Plaintiff alleged that on July 11, 1914, defendant orally agreed to sell to plaintiff, and plaintiff agreed to buy of defendant, 4,000 bushels of wheat, at the price of 64 cents

per bushel, to be delivered on or before August 15, 1914; that the time of delivery was extended by agreement until September 1, 1915; and that defendant failed to deliver 2,564 bushels of the wheat. Plaintiff sued for the difference between the contract price of the undelivered wheat, and its value at the time of the alleged breach of the contract. Defendant contended: (1) That after he had delivered a part of the wheat, and prior to the final date for delivery under the contract, plaintiff refused to take any more wheat from defendant and rescinded the contract, which was acquiesced in by defendant; and (2) that at the time of the making of the contract it was understood between the parties that he (defendant), in the sale of some 933 bushels of the contracted wheat, was not acting for himself, but as the agent of a third party; and that, if the court should find that the contract had not been abandoned by plaintiff, judgment should not be rendered against him for damages for a failure to deliver that part of the wheat in reference to the sale of which he was acting only as an agent. The jury returned a general verdict for defendant, judgment was rendered accordingly, motion for new trial was overruled, and plaintiff appeals. The agency feature of defendant's contention was not included in the original answer, but was inserted with leave of court by amendment during the progress of the trial.

Five of the specifications of error, argued by plaintiff in error, go to the allowance by the lower court during the trial of the amendment to the answer of defendant so as to set up the question of agency, and to the giving and refusal of instructions pertaining to the agency question. The amendment of the pleadings, and the giving and refusal of instructions, complained of, only pertained to the agency issue, and were not such matters as could have affected the consideration by the jury of the general issue of rescission of the contract by plaintiff. The two issues were entirely distinct. If the jury found that plaintiff had himself rescinded the contract, the question as to whether defendant acted as the agent for an other in the sale of a part of the wheat was necessarily eliminated from their consideration. The issue of agency only went to the measure of damages, and could only have been considered by the jury in arriving at the amount of damages, if they had first found for plaintiff upon the general issue of a breach of the contract by defendant. The verdict was a general one against plaintiff; and therefore the jury necessarily found that there had been no breach of contract by

defendant as to any of the wheat; and the dissection of the contract into two parts, one pertaining to wheat sold by defendant in his own behalf and another to wheat sold by him as agent, was a province which it was not necessary or proper for the jury to invade. The acts of the lower court, complained of, and pertaining to the agency issue, therefore were without harm to the rights of the plaintiff; and if, in this connection, there be errors, they are without prejudice. Dunham v. Holloway, 3 Okla. 244, 41 Pac. 140; Wertz v. Barnard, 32 Okla. 426, 122 Pac. 649; Howard v. Rose Township, 37 Okla. 153, 131 Pac. 683; Martin v. C., R. I. & P. R., 7 Okla. 452, 54 Pac. 696; Eddy v. La Fayette. 163 U. S. 456, 16 Sup. Ct. 1082, 41 L. Ed. 225.

Plaintiff in error contends that there was misconduct in defendant and his counsel in the manner of asking certain questions of one Thom, a witness for plaintiff; that the questions so asked were insinuating and insulting to the witness, and tended unduly to discredit him before the jury; and that the court erred in its control of this examination.

It seems that, at the institution of the suit, the witness Thom had procured an attachment to be issued against the property of defendant and had sworn to the attachment affidavit, which was upon one of the printed forms in use in the state in such cases, which when not altered to fit the particular occasion, contains various charges of fraud, misdemeanor, and felony. In executing the affidavit the witness made no change in its form; and the affidavit, as sworn to by the witness, charged that the defendant was a foreign corporation, was converting his property in fraud of his creditors, had absconded with the intention to defraud his creditors, had committed a felony, had committed a misdemeanor and various acts of fraud, and that the suit was brought for damages arising from the seduction of a female. The suit was about wheat, and the defendant evidently resented his miscellaneous arraignment. Apparently this objection had some foundation. The witness was not as careful in his oath to the affidavit as the circumstances evidently required. The grounds of attachment and the testimonial conservativeness and scruple of the witness were issues in the case. The various blanket charges of the attachment affidavit were evidently too broad, and stated facts not true. Full cross-examination of the witness with reference to the grounds of attachment was unquestionably permissible. The court exercised a control over the cross-examination, which was more

favorable to plaintiff than to defendant. Questions of defendant were excluded, which appear to us to have been permissible; and we do not find any questions, permitted by the court, which exceeded the bounds of legitimate cross-examination. The manner of counsel in the examination does not appear in the record, but was passed upon by the lower court in its ruling upon the motion for a new trial. The lower court witnessed the proceedings, and we will not interfere with his estimate of them. We find no error in this assignment.

The next assignment of error is that the lower court erred in rejecting the testimony of two witnesses for plaintiff, to wit, that of one Clark and one Garriott.

Plaintiff in error does not point out any such rejection of the testimony of the witness Clark, nor does it discuss at all any such action of the court. Upon the other hand, the record indicates that this witness testified fully.

As to the witness Garriott, the record is not sufficient to sustain the assignment. When the witness was offered by plaintiff, being in rebuttal, the court stated that the examination of the witness would be restricted to the question of agency, and plaintiff excepted to this ruling. The court then stated that counsel might make his offers of testimony, and the offers would be passed upon; but that he would not permit the witness to be examined upon "this ink proposition," although the offer of the testimony would be permitted. The court declined to allow plaintiff to make the offer of the testimony in open court in the presence of the jury, and requested counsel to reduce his offer to writing, which counsel stated he would do. Neither the brief of plaintiff in error, nor the record, discloses that counsel requested to be allowed to dictate the offer into the record in the absence of the jury, or that he made the offer in writing. Not knowing, therefore, what the testimony would have been, if received, we are unable to say whether or not it would have been admissible, or whether there was error in its rejection. Offutt v. Wagoner, 30 Okla. 458, 120 Pac. 1018; Muskogee Elec. Trac. Co. v. Staggs, 34 Okla. 161, 125 Pac. 481; Turner v. Moore, 34 Okla. 1, 127 Pac. 487.

The tenth specification of error, argued by plaintiff in error, deals with alleged errors in the admission and exclusion of evidence. The argument of this specification points out questions, answers, rulings of the court, and exceptions, occurring during the giving of the testimony of witness Thom, for plaintiff, and of the defendant, Bond. All of this testimony, in reference to which specific objections are made, went solely to the question as to whether the defendant, Bond, was acting as the agent of the third party, Wagner, in selling a part of the wheat. The objections as to the Bond testimony were upon the ground that the agent was not competent to testify to the agency, and to the contention that the question of agency was not properly in the case. We have disposed of the latter question, upon the assignment as to error in allowing the amendment to the answer. In the case of Whitcomb v. Oller, 41 Okla. 331, 137 Pac. 709, this court said:

"Agency and the extent of authority may be proved by the testimony, though not by the declarations of the agent."

We think there was no error in the admission of the Bond testimony, complained of.

As to the effect of the admission and exclusion of the testimony of Thom, complained of in the brief, the occurrences complained of took place in the plaintiff's case in rebuttal. After that time, the court allowed the plaintiff to reopen its case. Thom was again placed upon the stand, and testified fully, covering all of the facts, questions as to which were excluded in the examination referred to in the assignment. Thom was on the witness stand four times, and covered very much the same ground several different times. The objections, which were sustained by the court, and which are complained of, went to the claim of defendant that the questions were repetitions and leading and called for conclusions. The objections seem to have been well founded; and, if not, any error in the rulings was cured by the subsequent admission of the testimony.

In its brief, plaintiff in error further deals thus with this specification, viz.:

"Specification No. 10 involves the alleged errors of the court in the admission and rejection of evidence, as will more fully appear by a reference to the case-made at pages commencing with the last question on page 197 and continuing through pages 198, 199, and to the end of the direct examination of the witness Pendergraft. * * * We think also there was error in the matter of rejecting evidence found on pages 282, 283, 284 and 285 of the case-made, which we think to be very prejudicial and such error as vitally affected the plaintiff in its cause."

No quotation of the record is made, and no argument or authorities given, and plaintiff in error does not point out how it is aggrieved at the portion of the record referred to. The rule of this court (section 25 of this court's rules) is that, where a party complains on account of admission or rejection of testimony, he shall set out in his brief the

full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto. We therefore do not consider the alleged errors, referred to in the above excerpt from the brief of plaintiff in error.

The ninth specification of error by plaintiff in error is that the verdict is contrary to the law and the evidence. Plaintiff in error does not argue this assignment, except by reference to the argument of the other specifications, hereinabove referred to; and submits no abstract of the evidence. We have examined the record, and in our opinion there is ample evidence to support the verdict, and we do not find where the jury violated its instructions.

The remaining assignments are that the verdict is contrary to the law, and that the court erred in overruling the motion of plaintiff for a new trial. The specifications, upon which these assignments are based, have already been covered in this opinion.

We find no prejudicial error in the record, and conclude that the judgment of the lower court should be affirmed.

By the Court: It is so ordered.