## CHERRY BROS. TRADING CO. v. ROCK ISLAND IMPLEMENT CO.

No. 10898—Opinion Filed March 27, 1923.

Rehearing Denied April 24, 1923.

(Syllabus.)

### 1. Appeal and Error—Harmless Error—Instructions on Measure of Damages.

Plaintiff sued defendants for the purchase price of a silo. Defendants pleaded breach of contract to the delivery of the property purchased, and damages resulting therefrom. The general verdict for plaintiff for the full amount sued for determined adversely to the defendants the breach pleaded, and the failure of the court to instruct, or the giving of erroneous instructions, as to the measure of damages for the breach is immaterial.

### 2. Evidence—Admissions—Compromise.

Where it fails to appear that the statements or admissions admitted in evidence were made as part of the negotiations then being carried on for a compromise of a controversy, and in confidence of a settlement resulting therefrom, the admission thereof in evidence is not error.

### 3. Appeal and Error—Harmless Error—Instructions.

Where the instructions of the court substantially state the law, and an examination of the record discloses that substantial justice has been done, this court will not reverse the cause on account of error, if any in giving the instructions complained of. Section 6005, Rev. Laws 1910.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by the Rock Island Implement Company against Cherry Bros. Trading Company for purchase price of silo. Judgment for plaintiff, and defendant brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

Keaton, Wells & Johnston and Austin F. Rittenhouse, for defendant in error.

BRANSON, J. This was a suit for goods sold under an order accepted by plaintiff. It is brought by the Rock Island Implement Company, a corporation, as plaintiff in the court below, against Cherry Bros. Trading Company, composed of J. W. Cherry and Robert Cherry, defendants in the court below, for $449.60. The parties are referred to as they appear in the court below.

The plaintiff sought a judgment against the defendants for the amount set out herein for a silo sold by the plaintiff to the defendants. The defendants filed their answer and counterclaim to the petition, which, after denying the allegation of plaintiff's petition, pleaded that the defendants gave an order to the plaintiff for a new galvanized steel silo, specifying the dimensions and characteristics thereof, and that the silo shipped by the plaintiff to defendants was a second-hand, black iron or steel silo, of inferior quality to the one ordered by the defendants, and that they notified the plaintiff that the same would be held, subject to its order. That the defendants paid the freight on the silo shipped, in the sum of $4.25, and that they were damaged, by reason of expense and time lost in trying to get plaintiff to comply with its order, in the sum of $10. The defendants further pleaded that by plaintiff's failure to comply with the order within the time specified, the defendants were damaged in the loss of the crop planted, to be used as ensilage, in the sum of $1,000.

To this answer the plaintiff filed a reply, denying the allegations of new matter, and pleading an estoppel. The cause came on for trial in February, 1919, resulting in the verdict in favor of the plaintiff for the sum sued for, from which judgment the defendants appeal. The defendants make numerous assignments of error, all of which may be fairly stated as:

(1.) That the verdict is contrary to the evidence, and not reasonably supported by it.

(2.) That the court erred in permitting the introduction of evidence of an attempted compromise between the parties.

(3.) That the court erred in giving certain instructions to the jury.

The first assignment of error, to wit, that the verdict is contrary to the evidence, and not reasonably supported by it, will be considered. At the close of the plaintiff's evidence in chief the defendants interposed a demurrer thereto, which was by the court overruled, and the defendants saved an exception. This alleged error was incorporated in the motion for new trial, which was by the court overruled.

This cause was tried to a jury, and "the chief bone of contention", as stated by plaintiffs in error in their brief, "between the parties to this suit was whether or not the silo delivered by the plaintiffs to the defendants at Warwick, Okla., in the month of August, 1917, was the silo ordered by the defendants." The order signed by the defendants refers to the silo in question as "one steel silo, complete with ladder and chute. This is the silo shipped from Watonga, and the same one as Mr. Cherry saw in the house of the Rock Island Imp. Co., Oklahoma City * * *" and is also referred to as "one steel silo, cpt. with ladder and chute, with angle iron for top, one galv. top, 100 lb. bolts small, 10 lb. bolts large". It directed plaintiff to ship this particular silo to the defendants at Warwick, Okla., and, as stated in brief of defendants, the question whether this silo was the one shipped was the real question to be tried by the jury in the cause.

Mr. Cherry, one of the defendants, testified, in substance, that prior to the time he signed the order, he visited the Rock Island Implement Company's place of business in Oklahoma City, where he was shown a galvanized steel silo; that he was close enough to it to carefully observe the same, and that the silo shipped to the defendants at Warwick was not the silo that he saw at the Rock Island Implement Company's place of business in Oklahoma City. It further developed from several witnesses that the silo seen by Cherry at the Rock Island Implement Company's place of business in Oklahoma City was a certain silo which had been shipped from Watonga, and that this particular silo shipped from Watonga was the one that the defendants sought to purchase from the plaintiff, and was so specified in the order. Several witnesses who knew the silo shipped from Watonga, who saw it at the place of business of the plaintiff in Oklahoma City, testified that they knew that this silo was the only one that was at the place of business of the plaintiff in Oklahoma City, and was the silo which was shipped to the defendants at Warwick. The conflict in the evidence in the case seems to have grown out of the fact that the said defendants, from their observation of the silo in Oklahoma City, thought that the same had a galvanized steel appearance, and that no part thereof was painted.

while it develops from witnesses who had a greater opportunity to observe all the different parts of the silo that practically all the parts of the silo had been painted black, especially on the inside, as was the custom, to prevent the corrosive effect of the ensilage upon the material. There is nothing in the evidence that indicates that the witnesses testified falsely in the matter, but the evidence in favor of the contention of the plaintiff, that the specific silo which defendants thought they were purchasing was the silo shipped to them is sufficient.

The jury heard the evidence, and found by their verdict in favor of the plaintiff on this issue, and we think that the evidence reasonably supports the verdict.

The second assignment of error is as to evidence admitted.

The principal item of evidence of which defendants complain is an affidavit, Exhibit "A", dated November 14, 1917, signed by the defendant J. W. Cherry, which from the evidence was in the nature of a written claim to be made to the Frisco railroad demanding damages against the said railroad on account of injury in the course of shipment of the silo in question, which affidavit in substance states that he paid the freight on one steel silo complete, shipped to him by the Rock Island Implement Company of Oklahoma City; that when he accepted the silo he noticed several sheets were broken, and called the agent's attention to them, but he refused to make a notation, and as he had men and teams hired to haul the silo, he took it out. That the agent told him that if he would make a statement under oath of the facts, the claim would be allowed; that the agent claimed the sheets were not broken in shipping, but he personally saw the silo in the warehouse of the Rock Island Implement Company at Oklahoma City, and then it was not broken; that the agent told him the silo was scattered over the car when it arrived, and was unloaded on the platform; that he was fully convinced that the damage resulted from the careless handling of the delicate sheets, and that after considering the damage he felt that the labor necessary to put the same in good shape would cost $150, the material $50, etc.

This affidavit, the substance of which is quoted above, was worn to by the defendant, J. W. Cherry before a notary public on November 14, 1917, and filed with the Frisco Railroad Company as a demand for compensation for damages to the silo. One Mr. Cheever, a salesman for the plaintiff, testifed as a witness for the defendants, in substance, that the affidavit in question was made by Mr. Cherry at his suggestion for the purpose of filing the same with the Frisco Railroad as a basis for damage; that there was no agreement as to any settlement, and that the affidavit was not taken as any part of any negotiations looking to a settlement of plaintiff's claim against the defendant. That he had nothing to do with any settlement under his instructions from the plaintiff; that there was some discussion between him and the defendant Cherry, in which Cherry stated that he would pay $300, but that he never made an offer of that kind. He asked him why he did not make an offer direct to the company. He said that he told Cherry that if he had any offer or compromise to make, to make it to the company. At the time the affidavit was made they were discussing the condition of the silo when he (Cherry) saw it in Oklahoma City, and the condition when it was delivered at Warwick, of the broken parts, etc. That he advised Cherry that he might take up the proposition of settling direct with the company, and that the company might give him credit for whatever damages were collected from the railroad, the defendants to pay the remainder.

On page 313, 22 Corpus Juris, we find this rule:

"The converse of the rule just mentioned is that statements made by reason of their supposed truth and without special reference to a compromise are competent, and not to be excluded to effect a compromise. So a statement may be regarded as a competent admission when made before a controversy arose, or as an inducement to consent to open negotiations for compromise, or after an attempt to effect a compromise has been abandoned; when made by a person not seeking a compromise of the matter before the court in the action, or by a person who cannot settle the dispute; when made while the declarant was discussing the liability of another; or when the statement was made in connection with an attempt to compromise another claim not included in the action in which such statement is offered."

In the case of City of Anadarko v. Argo, 35 Okla. 115, 128 Pac. 500, this court said:

"A compromise is an agreement between two or more persons, who, to avoid a lawsuit, amicably settle their differences upon such terms as they can agree upon.

"Admissions made expressly for the purpose of effecting a compromise of a matter under controversy, if not accepted, cannot be proved against the party making them; but where it does not appear that such admissions were made in confidence of

a compromise, they will be admissible in evidence." Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359; Freeman v. Eldridge, 26 Okla. 601, 110 Pac. 1057; West v. Smith (U. S.) 25 L. Ed. 809; Galveston, etc., Ry. Co. v. Booth (Tex.) 209 S. W. 198.

From an examination of the record and of the authorities, we do not feel that the affidavit which was offered by the plaintiff was executed by the defendant J. W. Cherry as a part of the negotiations for settlement of the alleged dispute between the plaintiff and the defendants, but was a statement made as to the condition, etc., of the silo in question, to form the basis of a claim for damage against the transportation company.

The third and last assignment of error is that the court erred in giving certain instructions to the jury. The instructions complained of are Nos. 6, 7, 9 and 10.

Without quoting in full instructions 6 and 7, they in effect tell the jury that if plaintiff delivered f. o. b. the silo to the carrier's agent at Oklahoma City, properly consigned to the defendants, the title passed to the assignees, and they could maintain action against the carrier for damages, etc., if any. The plaintiffs in error do not say these instructions do not set out the law, but say such damages as are referred to in the said instructions were not an issue in this case, and the giving of the same constituted reversible error, and cite many cases from this court on the point. There was considerable evidence from the defendants and the various witnesses calculated to leave the impression on the minds of the jurors that the silo had been materially damaged in shipment, and, while there was no judgment sought on account thereof, the trial court evidently had the idea that the jury should know where the liability for this damage, if any, could be placed, and under these conditions we do not feel that the instructions given resulted in any harm to the defendants.

Plaintiffs in error next complain of instruction 9. That part of said instruction of which complaint is made is:

"You are instructed that while it may not be considered as estoppel, this affidavit is offered by the plaintiff as tending to prove an admission by the defendants of ownership and of the fact that the silo delivered was identical silo which defendant saw in Oklahoma City, and is set up by the plaintiff as an estoppel against the defendants.

"You are instructed that this affidavit or statement is not a conclusive estoppel; and the defendant, if he can, is entitled to explain and avoid such admission upon clear

or sufficient proof, and this instrument is not an absolute and conclusive estoppel against the defendant, but is a fact to be considered along with all other facts in the case."

The affidavit referred to in this instruction is Exhibit "A," mentioned supra, which was pleaded by the plaintiff in reply as estoppel against the defendants. Favorable to the contention of the defendants, the court in effect advised the jury that the affidavit did not estop defendants to dispute the plaintiff's contention that the silo was the same one seen by the defendants at Oklahoma City, but that the defendants could explain the statement made in said affidavit. This instruction, of course, is not framed with such clearness as would make it a guarantee against being misunderstood by the jury. Counsel for defendants submit no instruction on the question, and we feel as to the same as expressed by this court in the case of Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 Pac. 1115:

"While paragraph 8 of the charge was probably erroneous, in that it submitted to the jury the failure of defendant to warn deceased, yet as, under the issues made in the pleadings and sustained by the evidence, plaintiff was entitled to recover, and from an examination of the entire record, we reach the conclusion that substantial justice has been done, we are precluded from reversing this case on account of the error, if any, in giving of such instruction." Section 6005, Rev. Laws 1910.

Plaintiffs in error's next complaint is as to instruction 10, which is:

"You are instructed that the defendants herein are not entitled to recover on account of loss of ensilage which it is claimed the defendants would have made within the year, for the reason such damages would be remote and speculative."

Before the jury could have considered the evidence on the question of damage to which this instruction refers, it must necessarily have reached the conclusion that plaintiff breached its contract, and was consequently liable in damages to the defendants.

In the case of Farmers' Product & Supply Co. v. Bond, 61 Okla. 244, 161 Pac. 181, the syllabus is:

"Instructions and refusal of instructions on plaintiff's damages, in the event he prevails, are immaterial where he does not prevail."

And in the case of People's Ice & Fuel Co. v. Serat, 46 Okla. 762, 149 Pac. 870, this court, among other things, said:

"The verdict was a general one for plaintiff, and necessarily determined primarily

that there was no breach of warranty. There being no such breach, the question of the measure of the damages alleged to have been occasioned thereby was never reached by the jury, and could not have been property considered by it." Puls v. Hornbeck, 24 Okla. 288, 103 Pac. 665, 29 L. R. A. (N. S.) 202, 138 Am. St. Rep. 883; Martin v. C., R. I. & P. Ry. Co., 7 Okla. 452, 54 Pac. 696; Wertz v. Barnard, 32 Okla. 426, 122 Pac. 649; Toepfer v. Sterr, 156 Wis. 226, 145 N. W. 970; Malcolm v. Sims-Thompson M. C. Co. (Tex. Civ. App.) 164 S. W. 924.

Feeling that there is no reversible error in the record and that substantial justice has been done, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, KANE, KENNAMER, and NICHOLSON. JJ., concur.