A. F. SALYER, Plaintiff in Error,

v.

The CENTRAL NATIONAL BANK, a banking Corporation, and Joe C. Williams, Defendants in Error.

No. 37491.

Supreme Court of Oklahoma.

June 11, 1957.

Washington, Thompson & Wheeler, Oklahoma City, for plaintiff in error.

Bailey & Pitchford, Okmulgee, for defendants in error.

DAVISON, Justice.

This is an action, brought by the plaintiff, A. F. Salyer, against the defendant, Central National Bank, to recover an escrow deposit of $5,000 placed with the defendant under the terms of a certain contract to purchase an automobile sales agency from one Joe C. Williams, who appears herein as intervenor also claiming said fund. The parties will be referred to in the order in which they appeared in the trial court.

The interest of the original defendant is merely that of a stakeholder. The allegations and evidence of the plaintiff were to

the effect that he had entered into an agreement with the intervenor, on the 4th day of August, 1953, whereby he agreed to buy and intervenor agreed to sell the Cadillac-Oldsmobile automobile agency in Okmulgee, Oklahoma, for a total purchase price of $30,000; that the consummation of said contract was dependent upon the approval by the authorized distributors of said automobiles, of the plaintiff as an authorized dealer on or before August 25, 1953; that the approval was not obtained by said date and the contract was, therefore, not effective and that plaintiff was entitled to the $5,000 earnest money deposit he had made with the defendant guaranteeing performance.

The intervenor alleged and produced evidence to the effect that said dealership approval had been obtained before the date specified in the contract and that plaintiff had breached said contract without cause, all to the damage and injury of intervenor in the sum of $5,000. Therefore, the primary issue between the parties was whether or not the plaintiff was justified in refusing to complete the transaction, such justification being dependent upon whether or not the dealership approval was obtained within the time specified. The primary issue constituted the principal question for determination by the jury upon the conflicting evidence.

The verdict of the jury found generally for plaintiff and against the intervenor. Whereupon intervenor filed motion for new trial which the trial court sustained. Plaintiff has perfected this appeal from the order granting the new trial and the sole question to be here determined is whether or not the court erred in so doing.

The contract provided that, if plaintiff was approved as a dealer within the time designated and if, thereafter, plaintiff failed to complete performance of the terms of the contract, said intervenor or seller was entitled to the $5,000 escrow deposit as liquidated damages. Subsequently, the intervenor sold the business for $25,000. The purchaser was called as a witness and testified to what he paid for it but, when asked why he paid that price, an objection thereto was sustained. The court then stated "I will sustain that objection, because actually what this man paid for it, as I see it, isn't material to this lawsuit at this stage, anyway." Following that theory, the court instructed the jury, in part, as follows:

"In that contention, I think it is the duty of the Court to call your attention to the fact that the forfeiture of that five thousand dollars earnest money under the provisions of this contract would come about if the buyer was approved and then failed to complete his contract by paying the remainder of the twenty-five thousand dollars."

After a verdict against him, intervenor filed motion for new trial upon only one ground of alleged error, as follows:

"Error of the Court in refusing to allow Intervenor to put on evidence in support of his allegation in the Cross Petition, to-wit:

"For further cause of action against said plaintiff, said intervener states that due to the failure of the plaintiff in carrying out the terms of his contract as stated in the agreement attached to plaintiff's petition, that said intervener suffered damages in the amount of five thousand dollars $5,000.00 because of the failure of said plaintiff to carry out the terms of the contract."

■ It was and is here the position of intervenor that, because of the provisions of 15 O.S.1951 §§ 213, 214 and 215 the contract was void in so far as it fixed the amount of liquidated damages in the event of default by plaintiff and that proof was necessary to establish the amount of damage actually suffered. Apparently, the trial court changed his mind after the trial and the trial court adopted that reasoning in granting the new trial. However, any error committed by the trial court in excluding the evidence was harmless. The verdict of the jury found generally for the plaintiff and as was said in the cases of People's Ice & Fuel Co. v. Serat, 46 Okl. 762, 149 P. 870,

and Cherry Bros. Trading Co. v. Rock Island Implement Co., 89 Okl. 201, 214 P. 559,

"If there was error in admitting or excluding evidence, or in failing to give the requested instructions, or in giving others improperly stating the law as to the measure of damages, the substantial rights of defendant could have been in no way prejudiced thereby.

"The verdict was a general one for plaintiff, and necessarily determined, primarily, that there was no breach of warranty. There being no such breach, the question of the measure of the damages alleged to have been occasioned thereby was never reached by the jury and could not have been properly considered by it. Puls v. Hornbeck, 24 Okl. 288, 103 P. 665, 29 L.R.A.,N.S., 202, 138 Am.St.Rep. 883; Martin v. Chicago, R. I. & P. Ry. Co., 7 Okl. 452, 54 P. 696; Wertz v. Barnard, 32 Okl. 426, 122 P. 649; Toepfer v. Sterr, 156 Wis. 226, 145 N.W. 970; Malcolm v. Sims-Thompson M. C. Co., Tex.Civ. App., 164 S.W. 924; Gullion v. Traver, 64 Neb. 51, 89 N.W. 404; Wilkes v. Wolback, 30 Kan. 375, 2 P. 508; Zimmerman v. Denver, etc., Co. 18 Colo. App. 480, 72 P. 607; Wilhelm v. Donegan, 143 Cal. 50, 76 P. 713; Conant v. Jones, 120 Ga. 568, 48 S.E. 234; Gallimore v. Brewer, Ky., 57 S.W. 253." [46 Okl. 762, 149 P. 871.]

■ In the case under consideration, the position taken by the court in the trial, as disclosed by the above quoted instruction, was most strongly in favor of intervenor and he could not possibly have been hurt thereby. The only person who might have been prejudiced by such instruction was plaintiff. Neither party made any objection to it. Therefore, since no error prejudicial to intervenor was committed, either by the exclusion of the testimony or by the giving of said instruction, the trial court exceeded its jurisdiction by vacating the verdict of the jury and granting a new trial. "We are enjoined by statute to disregard an error in proceedings which does not affect the substantial rights of the adverse party and to not reverse a judgment by reason of such an error. 12 O.S.1951 § 78. New trial should not be granted for an error which has not resulted in injury." Wilson v. Oklahoma Ry. Co., 207 Okl. 204, 248 P.2d 1014, 1020. The same rule and the same statute are equally applicable to a trial court. A violation thereof constitutes an error in respect to a pure unmixed question of law.

■ In the case of Strickland v. Howard, 208 Okl. 73, 253 P.2d 158, 160, it was pointed out that

"it is an established rule in this court that an order sustaining a motion for new trial will be reversed where the record shows that the order was based solely upon an error in respect to a pure, simple and unmixed question of law. McGlone v. Landreth, 200 Okl. 425, 195 P.2d 268; City of Holdenville v. Deer, 191 Okl. 691, 132 P.2d 928."

■ This same rule of law is applicable to the case now being considered. Because the rejection of the testimony and the giving of the instruction was harmless and, in no wise, prejudicial, "the trial court erred as a matter of law in sustaining the motion for a new trial for the reason" (Strickland v. Howard, supra) set out in said motion.

The judgment is reversed and the cause remanded with directions, to overrule the motion for new trial.

WELCH, C. J., and HALLEY, JOHNSON, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.