## MALCOLM v. SIMS-THOMPSON MOTOR CAR CO.

(Court of Civil Appeals of Texas. Dallas. Feb. 14, 1914. Rehearing Denied March 14, 1914.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—CONFLICTING EVIDENCE.

A verdict on conflicting evidence is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. APPEAL AND ERROR (§ 548*)—RECORD INSUFFICIENT TO SUSTAIN ASSIGNMENT OF ERROR.

An assignment of error as to a ruling on evidence must be overruled, where the bills of exception preserving the objection is referred to in the brief but not contained in the record, and it does not appear from the record that the objection was preserved and shown in the statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

3. TRIAL (§ 340*)—VERDICT—AMENDMENT.

Under Rev. St. 1911, art. 1980, authorizing the court to direct a verdict to be reformed at the bar if it is informal or defective, the court had a right, with the jury's consent, to amend a verdict so as to find for the foreclosure of a lien pursuant to a peremptory instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 795–799; Dec. Dig. § 340.*]

4. LIVERY STABLE KEEPERS (§ 8*)—RIGHT TO LIEN FOR STORAGE—AUTOMOBILE LEFT FOR REPAIRS.

At common law warehousemen had a specific lien on property stored with them for their proper charges in connection with the specific bailment and the right to retain possession until they were paid, and such lien and right is preserved by Rev. St. 1911, art. 5671, providing that nothing in chapter 8 relating to liens, of which such article is a part, should impair or affect liens arising at common law or in equity, etc., and hence a company engaged in repairing and storing automobiles is entitled both at common law and equity to a lien on a car for storage charges, after the owner improperly refused to pay for repairs and remove it.

[Ed. Note.—For other cases, see Livery Stable Keepers, Cent. Dig. §§ 7–10; Dec. Dig. § 8.*]

5. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS—DAMAGES.

No harm results from an improper charge on the measure of damages, where the jury find the complaining party is not entitled to damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Appeal from Ellis County Court; J. C. Lumpkins, Judge.

Action by Will A. Malcolm against the Sims-Thompson Motor Car Company. From a judgment for defendant, plaintiff appeals. Affirmed.

W. H. Fears, of Waxahachie, for appellant. Will Hancock and Supple & Harding, all of Waxahachie, for appellee.

RASBURY, J. This controversy arises over the terms of an agreement whereby appellant placed his automobile with appellees for the purpose of having it repaired and put in good condition. Appellant's contention, briefly and in substance, is that he placed the car with appellees October 12, 1911, under an agreement by which appellees, in consideration of $35, were to repair and place same in good running order, furnishing all parts necessary for that purpose. Appellant alleged that appellees not only neglected to do the work until February, 1912, but also at that time demanded $76 for the work, which appellant declined to pay, but did offer to pay the agreed $35, which appellees declined to accept. Subsequently, in May, 1912, appellees presented appellant another statement of charges, to which had been added storage on the car, the total amount being $108.22, which appellant also refused to pay. On July 1, 1912, appellees notified appellant that unless the charges were paid appellees would advertise and sell the car for such charges. Appellant again refused to pay, and on July 12, 1912, appellees did advertise the car to be sold July 23, 1912. Whereupon appellant instituted this suit, alleging the agreement stated, that his car had been damaged $1,000, and that he had been further damaged $385 in the loss of the use of his car by the unreasonable delay of appellees in repairing same, and prayed the issuance of injunction restraining the sale of the same, which was granted. Appellees denied the special contract, and alleged that at the time the car was placed with them they owned and operated a garage in Waxahachie where automobiles were stored, repaired, and furnished with parts and supplies, and that from about December 8, 1911, and at divers times thereafter until January 26, 1912, at the special instance and request of appellant they furnished certain material, parts, and fixtures for and made certain repairs upon said car amounting to $73.17, payment of which was demanded of appellant about February 1, 1912, which he refused to pay. It was further alleged that, by reason of appellant's refusal to pay the sum claimed, appellees were compelled to store and safe-keep the car for which they were entitled to recover as reasonable charges $5 per month storage, from October 11, 1911. The case was tried January 28, 1913, before a jury. Verdict was against appellant on all issues and for appellees for the amount of the charges and for 11½ months of storage at $2.50 per month.

The evidence adduced upon trial was conflicting and was sufficient to sustain a finding by the jury in favor of either appellant or appellees.

[1] The first assignment of error in effect challenges the sufficiency of the evidence to sustain the verdict. As we have said, appellant and appellees had a radically con-

trary view concerning the agreement with reference to repairing the car, and the testimony is as sharply conflicting as their understanding of the agreement was radically different, and, since it was alone the right of the jury to reconcile the conflict in the evidence, we are without authority to disturb their finding, and for that reason it is our duty to overrule the assignment.

[2] The second, third, fifth, and sixth assignments of error relate to the alleged error of the trial court in admitting and in excluding and in refusing to exclude certain testimony. The bills of exception preserving counsel's objection to the action of the court are referred to in the brief, but are not contained in the record. Nor does it appear from the record that the objection was preserved and shown in the statement of facts. Accordingly, these assignments stand as if the objection had never been made, and must also be overruled.

[3] The seventh assignment of error complains of the action of the court in amending the verdict of the jury with their consent. The verdict, as reported to the court, was, "We, the jury, find for the defendants the amount of the contract sued for and $2.50 per month for eleven and one-half months as storage." The court, after reading and inspecting the verdict, asked the jury if they also found for a foreclosure of the lien. They said they did. The court then, with consent of the jurors, added, "and foreclosure of mechanic's lien." We conclude that the court, under article 1980, R. S. 1911, and the various decisions construing same, had the right, with the consent of the jury, to amend the verdict, so far as it pertained to the foreclosure of the lien for the repairs, particularly since the court had instructed the jury peremptorily to do so, and their failure to follow the instruction but an oversight.

[4] At this point in the brief, and as a proposition under said seventh assignment of error, what is claimed to be fundamental error is assigned. Because the proposition asserts that the judgment of the court, a matter apparent of record, is illegal, it becomes our duty to consider the issue thus raised. The exact point is that the jury was without authority to find, and the court without authority to foreclose, a lien against the car for the purpose of paying the storage due by appellant, since such lien exists neither at common law nor by statute. Article 5665, R. S. 1911, specifically provides for a lien to secure the payment of the cost of the work actually placed upon the car; but we have no statutory regulation for either the control of private warehousemen nor storage concerns, in which business it appears appellees were also engaged or for liens in their behalf. It is, however, provided by article 5671, R. S. 1911, which is a part of chapter 8, providing for liens in behalf of hotels, livery stable keepers, mechanics, etc., that nothing in said chapter shall impair or affect, among other things, liens arising at common law or in equity, etc. Consequently, any lien which may in this case be asserted as security for payment of appellees' storage charges must be such as exists either at common law or in equity. It has been said that "at common law warehousemen had a specific, not a general, lien on property stored with them for their proper charges in connection with the specific bailment, and the consequent right to retain possession of it until the charges were paid." 40 Cyc. 454. This common-law lien and right is clearly preserved by the provisions of article 5671, R. S. 1911, above quoted, which provision seems to go further and recognize the right to enforce liens not given at common law, but which ought in equity to be enforced. Accordingly, we conclude that appellees had both at common law and in equity a lien upon the car to secure the storage charges, and the jury having adopted appellees' theory of the contract to repair the car, and having found as well that appellant refused to pay the cost of the repairs and remove his car, thereby forcing upon appellee the storing and safe-keeping of the same, such facts, in our opinion, created an implied contract that appellant would pay the customary charges for storage as ascertained by the jury. Entertaining the views expressed above, we accordingly conclude that the claims of apparent or fundamental error in the judgment entry cannot be sustained.

[5] The eighth assignment of error asserts that the court improperly instructed the jury relating to the measure of damages in case they should find for appellant, and the ninth assignment complains that the court improperly limited the time for which appellant might recover for the reasonable value of the use of his car. If the court did err, as claimed, such error was immaterial and harmless, since the jury found against appellees upon the contract as well as both items of damage. Harm from an improper charge upon the measure of damages recoverable in a given case cannot result when the jury finds that the complaining party is entitled to no damages.

The judgment is affirmed.