## DONIGAN v. EMMERT. (No. 6709.)

(Court of Civil Appeals of Texas. San Antonio. March 8, 1922. Rehearing Denied April 12, 1922.)

1. **Evidence ⊂⊃461(1)—Parol evidence inadmissible to show that purchaser on written extension of time for payment of lien notes did not waive claim for shortage.**

Where written instrument extending time of payment of vendor's lien note stated the consideration for the extension to be the purchaser's agreement to pay an increased rate of interest, parol testimony was not admissible to show that the purchaser by signing contract of extension did not waive, or intend to waive, his claim against the vendor for shortage in land.

2. **Appeal and error ⊂⊃692(1) — Refusal to permit witness to answer question not considered in absence of answer.**

Assignment of error complaining of refusal to permit witness to answer question will not be considered, where bill of exceptions does not contain the answer witness would have given.

3. **Witnesses ⊂⊃159(3) — Testimony as to transaction with deceased held incompetent.**

In executor's action on vendor's lien note, defendant's testimony as to whether defendant told decedent, or whether decedent knew, for what purpose defendant was purchasing a lot, *held* incompetent under Rev. St. art. 3690, as showing a transaction between defendant and deceased.

4. **Appeal and error ⊂⊃692(1)—Rejection of testimony not considered in absence of rejected testimony.**

Assignments of error complaining of the rejection of testimony will not be considered in the absence of bills of exceptions disclosing the rejected testimony.

5. **Appeal and error ⊂⊃1050(2)—Admission of immaterial testimony not ground for reversal where harmless.**

The admission of immaterial testimony which could not have injured appellant *held* not ground for reversal.

6. **Limitation of actions ⊂⊃39(2), 95(1)—Recovery for deficiency in action commenced more than four years after discovery barred.**

Purchaser of lot could not recover for shortage in action commenced more than four years after discovery of the deficiency.

7. **Vendor and purchaser ⊂⊃166—Purchaser held to have waived right to recover for shortage.**

Purchaser who, with knowledge that the land did not contain the quantity indicated by the deed, paid off three purchase-money notes, obtained an extension on two remaining notes without suggestion of deficiency, and subsequently paid off one of such notes, and who for more than six years kept possession of the land without giving the vendor notice of the shortage, waived all right to recover therefor.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by George Emmert, executor, against V. M. Donigan. Judgment for plaintiff, and defendant appeals. Affirmed.

J. C. Scott, of Corpus Christi, for appellant.

Boone, Pope & Savage, of Corpus Christi, for appellee.

FLY, C. J. Appellee brought this action against appellant to recover on a promissory note and to foreclose a vendor's lien on lot 12 in block 20, in the city of Corpus Christi, Nueces county, said lot being 50 feet wide with a length of 125 feet on Starr street, conveyed by W. S. McGregor and wife to appellant on September 13, 1913. Appellant sought to defeat the claim by attacking the authority of appellee to prosecute the suit as the independent executor of the estate of W. S. McGregor, deceased, and by a plea in reconvention which set up that a rectangular lot had been sold to him, when in fact the lot was irregular in its contour and did not contain the quantity of land contracted for. The court gave a peremptory instruction to the jury to return a verdict for appellee, and, in obedience thereto, a verdict was returned in favor of appellee for $2,359.30, with a foreclosure of the vendor's lien on the lot, and judgment was accordingly so rendered.

[1] The first proposition under the first second, third, and fourth assignments of error is to the effect that the maker of the notes given for the land did not, by signing an agreement for the extension of the two last of five notes, waive a claim for shortage in the quantity of the land, and parol testimony affirmatively showing that there was no such waiver by such extension was admissible. On the trial appellant was asked by his counsel in regard to the extension of time of payment of the note, "What caused you to sign it?" which was objected to on the ground that the answer would vary the terms of the written extension. The objection was sustained, and properly so. What the answer to the question would have been is not disclosed in the bill of exceptions, the only thing stated in connection with it being that—

It was "expected to show that defendant Donigan, by signing the contract of extension, in no manner whatever, and in no way whatever, waived or intended to waive his claim against plaintiff based on the shortage in the lot that he bought as a lot of 50 feet in width at the time it was conveyed to him by McGregor."

Such answer would have been a mere conclusion of the witness, and would not have been responsive to the question. The bill does not state what the answer would have been, but merely the effect of it, and it would undoubtedly have varied the terms

of the written extension. The consideration for the extension was set forth in the written instrument of extension and it fully explained the reasons for appellant signing it. He was so desirous of it that he agreed to 1 per cent. more per annum interest to secure the extension and afterwards paid one of the notes which had been extended. Appellant had been in possession of the land since the fall of 1913 and never at any time made any complaint of the shortage in the land until this suit was instituted. None of the questions asked, as shown by the four assignments of error mentioned, were proper, and they are all overruled.

[2] No fraud was charged, and appellant showed that he knew of the shortage in about three or four months after he bought the land, and not only made no claim for diminution in the purchase price, but continued to pay off the notes, and, when only two were left unpaid, sought and obtained an extension of them and paid off one of the extended notes. The bill of exceptions fails to indicate what the answer of appellant would have been to the question, "Do you know as to whether or not W. S. McGregor knew of the shortage?" This should always appear in the bill of exceptions and when not done there is no basis for an assignment of error. The fifth assignment is overruled.

[3] Appellant seeks to join the sixth and twenty-seventh assignments of error with one proposition and one statement. The first complains of the refusal of the court to allow appellant to answer the question, "Did McGregor know for what purpose you were buying that lot?" and the bill of exceptions fails to disclose what the answer would have been. The second refers to a question as to whether appellant told McGregor for what purpose he was buying the lot. Neither of the questions could have elicited evidence pertinent to the issues in the case, and in case of conversations with the deceased the evidence was properly rejected under the statute prohibiting such testimony. Rev. Stats. art, 3690. The testimony would undoubtedly have shown a transaction with McGregor, who was dead; the suit being instituted by his executor.

The seventh, eighth, ninth, tenth, eleventh, and twelfth assignments complain of the refusal of the court to permit appellant to testify as to the value of the lot, with the shortage and without it, and in neither of the bills of exception does it appear what the answer of appellant would have been to the question. Transp. Co. v. San Jacinto Rice Co. (Tex. Civ. App.) 163 S. W. 1023; Malcolm v. Sims-Thompson Motor Car Co. (Tex. Civ. App.) 164 S. W. 924; Fox v. Railway Co. (Tex. Civ. App.) 186 S. W. 852.

[4] The fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, and twenty-second assignments complain of testimony being rejected, but the bills of exception do not disclose the testimony, and this court is in no position to pass on its competency or materiality. It may be said, however, that the answers, no matter what they may have been, had no pertinency or materiality in this case. The same defects are found in the twenty-third assignment of error as in the ones named. All of them are overruled.

[5] The twenty-fourth and twenty-fifth assignments of error are overruled. While the testimony complained of was probably immaterial, under the facts of the case, still it could not have in any manner injured appellant.

None of the other assignments of error have anything material to the case in them, and all are overruled.

[6] The land was sold to appellant, not by the foot, but by the lot in a certain block, being 50 feet on Broadway and 125 feet on Starr street, and the evidence showed that the width and length were practically as called for in the deed, but a small strip had been fenced in by an adjoining owner; the strip being about 4 feet at one end and 1½ feet on the other. It was about one-eighteenth of the entire lot. The strip ran along the entire inner 125-foot line, and it did not effect the line on Starr street and took off less than 4 feet on the Broadway line. Appellant knew that this part of lot 12 was inclosed in lot 11 from December, 1913, and yet he made no effort to recover it, and objected to no payment on the land until this suit was instituted on March 20, 1920. Not only did he make payments of principal and interest from the time he discovered the shortage, but in 1918 he sought and obtained an extension of the time of payment of the two unpaid notes. Appellee pleaded limitation of four years against his claim, and it was sustained by the uncontroverted evidence. The statute of limitations of four years obtains in such cases and begins to run from the time of the discovery of the deficiency in the amount of land or from the time when, by the exercise of ordinary diligence, it might have been discovered. Appellant admits that he discovered the shortage in the land about Christmas, 1913, and did not file any action for damages until he set up the claim in an answer herein filed on August 26, 1921. There was no warranty of quantity, but the lot was sold as a unit in bulk. The plea in set-off against the note was barred by limitation. Gillespie v. Gray (Tex. Civ. App.) 230 S. W. 1027.

[7] For nearly seven years appellant had known that the lot did not have the quantity of land indicated by the deed, and with this knowledge he paid off three of the notes in 1918, obtained an extension of one year on the two remaining notes without any suggestion of a deficiency, and then he paid off

one of these notes. The claim for a set-off came only after the suit had been instituted and the vendor of the land was dead. If appellant ever had any claim against the notes, he has lost it by a lack of the exercise of ordinary diligence. He knew that a small part of the land he had bought was in possession of an adverse claimant whose claim was being strengthened as time went by, and yet he was silent and made no effort to inform his vendor of the adverse possession and did not see fit to disturb such possession. The evidence fails to indicate that the vendor knew of the adverse possession, and, at least, he was never put on notice by word or act on the part of appellant, although he became acquainted with the fact shortly after he obtained his deed of conveyance. He admits that his vendor knew nothing about a part of the lot being occupied by another, and yet, when he learned about it, he did not inform the vendor of the fact or seek a diminution of the purchase price of the lot. No fraud or mistake was alleged and proved; but, on the other hand, the evidence tended to show that there was neither fraud nor mistake. The strip of land fenced by the owner of lot 11 was shown to be a part of lot 12, the land sold by McGregor to appellant, and was only claimed by that owner by limitation. No representations were shown to have been made by McGregor as to the dimensions of the lot, but he merely sold it by the correct description of it. If any blame attached to any one in connection with the shortage, it should be attributed to appellant, who for over six years acquiesced in the shortage and waived all rights he may have had in connection with it.

There is no merit in the contentions of appellant, and the judgment is affirmed.

⟐➠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes