RUNNELLS COUNTY et al. v. GULF OIL CORPORATION et al.

No. 4529.

Court of Civil Appeals of Texas. El Paso.

Feb. 26, 1948.

Rehearing Denied March 31, 1948.

Morriss, Morriss & Boatwright, of San Antonio, Roy L. Hill, Co. Atty., of Ballinger, Frank O. Ray, of Alpine, and W. H. Lipscomb, of San Angelo, for appellants.

Geo. T. Wilson and Neill & Lewis, all of San Angelo, Roy R. Priest, of Rankin, Harrell & Harrell, of Breckenridge, John Perkins, of Midland, Clayton L. Orn, of Houston, Myron A. Smith, of Fort Worth, R. E. Seagler, of Houston, John J. Cox, of San Antonio, R. G. Hughes, of San Angelo, Wm. L. Wise and Allen, Gambill & Gambill, all of Fort Worth, Joe S. Brown, of Houston, Joe G. Montague and W. E. Allen, both of Fort Worth, Rex G. Baker and John E. Green, Jr., both of Houston (Peveril O. Settle, of Pittsburgh, Pa., of council), for appellees.

Norman C. Davis, County Attorney, of Marfa, for amicus curiae.

SUTTON, Justice.

This is an appeal from the District Court of Midland County. The suit was brought by Runnells County and Frank O. Ray against the Gulf Oil Corporation and a large number of other defendants to recover an excess of 197 acres out of Runnells County School Land Survey No. 3, located in Pecos County, and for the oil produced therefrom, and to set aside a judgment of the District Court of Midland County in Cause No. 2613 entered on the 17th of March 1936, styled Runnells County et al. v. Gulf Production Company, wherein the title to the lands embraced in said Survey 3 were sought to be adjudicated. At the conclusion of all the testimony the trial court rendered judgment for the defendants from which the plaintiffs appealed.

Survey 3 was patented to Runnells County February 25, 1887, as one league of land, or 25,000,000 square varas, and described by metes and bounds. The calls in the field notes were for certain corners of designated surveys in Block 1, I&GN Ry. Co. along the Pecos River. It developed the distance calls for the Surveys in Block 1 had to be extended in order to reach the corners called for. The Supreme Court in Stanolind Oil & Gas Co. et al. v. State, 129 Tex. 547, 101 S.W.2d 801, held the calls for the corners and adjoinder with the I&GN Surveys should prevail over the calls for course and distance and the excess created thereby properly belonged to Runnells County Survey No. 3 and was embraced within the field note calls. It was thus this litigation originated.

May 17, 1917, the Commissioner's Court of Runnells County, by an order duly entered, accepted "the bid of I. G. Yates to purchase Runnells County School Land Survey No. 3 in Pecos County, Texas, for Thirteen Thousand, Two Hundred and Eighty-four Dollars," and entered into a contract to "sell and convey * * * unto the said I. G. Yates of Pecos County all and singular the following described property, to wit:

"25,000,000 square varas of land, known as Survey No. 3 on the waters of the Pecos River * * *."

On May 18, 1917, the County by warranty deed conveyed to Yates,

"all of the following described tract and parcel of Runnells County School land situated and being in the County of Pecos and

State of Texas, more particularly described as follows, to wit:

"Twenty-five million (25,000,000) square varas known as Survey No. 3, on the waters of Pecos River a tributary of the Rio Grande about 4 miles S. 45 E. from the Pontoon Bridge on Pecos River or 52½ miles N. 86 E. from Ft. Stockton by virtue of Certificate No. 3, issued by the Land Com. of Genl. Office May 4, 1880,"

which was further described by metes and bounds as in the Patent, which, as indicated heretofore, call for adjoinder with the I&GN Surveys.

The defendants in the trial court defended on the theory Yates bought the entire tract and that it was the intention of the County to sell the entire survey and the parties were mistaken as to the number of acres included therein and that the successors to the Yates title are entitled to hold the excess and tendered into court the original purchase price of $3 per acre, with interest. They here so contend. The trial court found as a matter of fact the sale was by the acre but concluded the defendants were entitled to the excess on payment of the original purchase price, because it was the intention of the parties to include the whole tract.

Plaintiffs contend on the other hand the sale was limited to the one league of land and the number of acres included in the course and distance calls only, and argue, based upon good authority, the County could not sell in gross nor give an option, but could only sell by the acre what it had for cash, or its equivalent, and that title could only be acquired from the County by present purchase and payment. Plaintiffs undertake to distinguish the instant case from the cases of O'Connell v. Duke, 29 Tex. 299, 94 Am.Dec. 282, and Willoughby v. Long, 96 Tex. 194, 71 S.W. 545. We regard the finding of the trial court that the lands were sold by the acre; that it was the intention of the parties to sell the entire tract fully supported, and the conclusion Yates had the right to retain the excess on payment of the original purchase price sound. There can be no doubt but that the parties to the transaction believed at the time there was but one league of land. They were wholly ignorant of the existence of an excess and the county on the one hand believed it was selling all the land it had and Yates on the other believed he was getting all that was there. The excess beyond question would have been paid for had it been known at the time it was there. There could have been no point to leaving it there undisposed of had it been known to exist. The plaintiffs lay great stress on the fact it was not known at the time of the sale the excess was there and say, therefore, there could have been no intention to sell what the county did not know it had and because it could only sell what it had and for cash or the equivalent presently in hand Yates is cut off. The intention to sell all it had was undoubtedly present and as held by the Supreme Court in the Stanolind case, supra, all it had was included in the description contained in the deed by which it conveyed to Yates, but there was a mistake as to the number of acres contained. That situation is typical of cases in which excess and shortages are subsequent to sales found to exist and supply the usual and normal occasion for the application of the principles announced in the O'Connell and Willoughby and like cases. It has been held the right exists as against an individual and the State and no good reason is perceived why it should not be applied as against a county.

There is not involved here a sale in gross, nor of 4428 acres, more or less, nor an option to buy, nor anything else less than nor more than a simple, innocent, honest error, at the time of the sale, in computation because of a lack of knowledge of the total number of acres. Had the facts been as they were believed to be and one league of 4428 acres only embraced within the field note calls and an error made in the computation of the total purchase price of $591, and the discovery subsequently made, could it be contended 197 acres less had been sold and a suit successfully maintained for its recovery, or the conveyance set aside in whole or in part? It is thought the answer is so simple the question answers itself. The issue here presented is thought to be just that simple.

Subsequent to the sale Yates made a request on the County to make good any shortage if any should be found to exist, to which it agreed. Yates caused the land to be surveyed in 1919, and after the survey notified the County there would be no claim made for a shortage, but did not disclose there was an excess. It is agreed the excess was determined in 1919, but the record discloses the County did not discover it until 1935. Based upon these facts the plaintiffs say if Yates ever had the right to retain the excess on payment of the original purchase price he lost it and the right is barred by both the two and four year statutes of limitation, which they pleaded. in support of the position they cite Donigan v. Emmert, Tex.Civ.App., 239 S.W. 659, writ dismissed; Gillespie v. Gray, Tex.Civ.App., 230 S.W. 1027, error refused; Texas Osage Co-op Royalty Pool v. Garcia, Tex. Civ.App., 176 S.W.2d 798, writ refused w. m. In each of those cases the right sought to be enforced was asserted affirmatively as the basis of a cause of action.

■■ Generally matters set up by way of defense are not subject to statutes of limitation, 28 T.J. 134, and the cases there cited. In Morris-Buick Co. v. Davis, 127 Tex. 41, 91 S.W.2d 313, at page 314, it is said if the subject matter of the defense be of an intrinsically defensive nature, which, if given effect, will operate merely as a negation of plaintiff's right to recover, the statute of limitations does not apply. This proposition was approved in Murphy v. Boyt, Tex.Civ.App., 180 S.W.2d 199, at page 204, error refused. There is no question but that Yates and those claiming under him have been in possession of the excess undisputed since the date of the sale. In such circumstances statutes of limitation have no application. Rutherford v. Carr, 99 Tex. 101, 87 S.W. 815 (T); Terry et al. v. Baskin, Tex.Com.App., 44 S.W.2d 929, 78 A.L.R. 1067, and the cases there cited.

It is our conclusion, therefore, that the judgment of the trial court is correct and should be affirmed. In view of the conclusions reached the status of the judgment in cause No. 2613 is rendered wholly immaterial and need not be discussed.

Affirmed.