**ANDRESS, LIPSCOMB & PETICOLAS et al. v. GULF OIL CORP.**

No. 14182.

United States Court of Appeals
Fifth Circuit.

April 2, 1953.

Abner S. Lipscomb, W. H. Lipscomb and Andress, Lipscomb & Peticolas, all of El Paso, Tex., for appellants.

David W. Stephens, Fort Worth, Tex., Robert T. Neill, San Angelo, Tex., W. B. Edwards, Fort Worth, Tex., Archie D. Gray, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging that prior to February 24, 1947, when defendant became the owner thereof, Runnels County was the owner of the oil in and under an undivided one-fourth interest in and to one hundred ninety seven acres of land in Pecos County, Texas, and that for more than twenty years prior thereto the defendant had produced and extracted large amounts of said oil, plaintiffs, as assignees and trustees of Runnels County sued to recover the value of the oil so extracted and produced.

The claim in substance was: that the land in question was excess acreage in Survey 3, Runnels County School land; that to the extent of this excess Runnels County was not paid the purchase price when the survey was sold in 1917 for Three Dollars an acre; and that from that time until 1947, when the excess was finally paid for, the title of the County did not pass, and it remained the owner of the oil in and under and produced therefrom.

By its answer, appellee urged, among other defenses, *res judicata*, arising out of facts [1] fully alleged by it, and later found by the trial judge to be true as alleged.

---

1. Briefly summarized, these facts are:

Cause No. 2613 was filed in Midland County, Texas, in March, 1933, and there plaintiffs (Runnels County, K. W. and R. M. Jarrott and Sylvan Sanders) alleged that, by reason of a claimed excess in Survey 3, Runnels County School Land, Pecos County, Texas, they were entitled to recover a proportionate part of the oil produced by Gulf Production Co. upon such survey. Thereafter plaintiffs by amended pleadings sought to recover the excess acreage in Survey 3. An instructed verdict was rendered for defendants (including Gulf Oil Corp. of Pennsylvania) and against Runnels County, the Jarrotts and Sanders, Defendants had tendered into Court $3.00 per acre for the excess. Judgment was entered on such verdict on Mar. 17, 1936, under which judgment among other things, plaintiffs took nothing against cross-defendants Gulf Oil Corp. of Pennsylvania and others, on plaintiffs' action for the land. Runnels County and others gave notice of appeal, but later abandoned such appeal, and the judgment of the trial court became final.

In 1945 Runnels County and Frank O. Ray filed suit No. 4139 in the District Court of Midland County against Gulf Oil Corp. and others. This suit was in the nature of a bill of review, plaintiffs declaring that Runnels County had never sold the excess acreage in Survey 3, that the attorneys who represented Runnels County in cause No. 2613 were not authorized by Runnels County to represent

Thereafter the district judge ordering a separate trial of the issues joined upon the claim of plaintiffs to ownership of the oil sued for, there was a trial, full findings of fact and conclusions of law, and a judgment for defendant based thereon.

Appealing therefrom, plaintiffs are here insisting that the judgment was erroneous and must be reversed.

We do not think so. Indeed, we are in full agreement with the opinion of the Court of Civil Appeals, in Runnells County v. Gulf Oil Corp., 209 S.W.2d 969, and with the findings of fact and conclusions of law filed by the district judge.

Without, therefore, further laboring the matters decided there, we find it sufficient to say that we think that no other judgment than those which were entered there could properly have been entered in the two causes in the Texas Courts and in the cause from which this appeal comes, and that the judgment appealed from must, therefore, be affirmed with costs against appellants.

it, and prayed that the judgment in cause No. 2613 be held for naught, and sought recovery of the excess acreage and the value of the oil produced from such excess acreage, plaintiffs' petition containing, further, a count in trespass to try title.

At the trial defendants Yates and wife tendered into open court the $3.00 per acre for the excess acreage, together with interest at the rate of 6 percent per annum from May 18, 1917, which was refused by plaintiffs, but deposited in the registry of the court. (The amount so deposited was later taken down by Runnels County and Frank O. Ray.)

On April 12, 1947, the District Court of Midland County entered its judgment decreeing (1) that the judgment entered on March 17, 1936, in cause No. 2613, is valid, (2) and further decreeing that the deed from Runnels County to I. G. Yates, conveying Runnels County School Land Survey 3, covered and included all of the survey, and (3) that plaintiffs were not entitled to any of the relief sought by them in cause No. 4139, and (4) further that plaintiffs were not entitled to recover any part of the School Land Survey 3, or any of the proceeds of the oil and gas produced therefrom, and (5) that plaintiffs Runnels County and Frank O.

Ray take nothing against the defendants, including Gulf Oil Corporation.

The trial court filed findings of fact and conclusions of law; and the former included a finding that Gulf Oil Corp. is the owner of a valid and subsisting oil and gas lease on the whole of Runnels County School Land Survey 3, except that part of the survey upon which Ohio Oil Company owns an oil, gas and mineral lease. Among the Conclusions of Law was the following: That the deed executed by and in behalf of Runnels County on May 18, 1917, by the description therein contained conveyed and included the whole of Runnels County School Land Survey No. 3, including the excess over and above a league of land, and that the sole right of Runnels County was to receive compensation for the excess acreage at the original purchase price thereof plus simple interest from the date of such purchase and sale.

Runnels County and Frank O. Ray appealed from this judgment to the Court of Civil Appeals at El Paso, where the trial Court's judgment was affirmed February 26, 1948, in Runnells County v. Gulf Oil Corp., 209 S.W.2d 969. Motion for rehearing was overruled and application for writ of error to the Supreme Court was refused. No motion for rehearing was filed after the Application was refused.